Essex County Court of Quarter Sessions.

STATE OF NEW JERSEY, PLAINTIFF, v. ANTONIO VIRGILIO, DEFENDANT.

For the defendant, *Arthur B. Seymour.*

Unger, S. C. C.  By virtue of the provisions of paragraph 9 of "An act concerning intoxicating liquor used or to be used for beverage purposes" (*Pamph. L.* 1922, *ch.* 255), Joseph Kaminsky and Victor Hugo made complaints before me as a Supreme Court commissioner (who by the act is constituted a committing magistrate for that purpose) against a saloon at No. 61 S. Day street, Orange, New Jersey.

The defendant now moves to quash the search warrant, giving the following reasons which are dealt with as they appear.

1. Defendant contends there is nothing in the affidavit of Joseph Kaminsky and Victor Hugo which shows that they have probable cause to suspect that the premises are kept, occupied and maintained for the storage and sale of liquor in violation of law.  The affidavit is definite that the affiants ordered and were supplied with two drinks of whiskey poured from a bottle into two glasses, which the affiants paid for, tasted and found to be a poor grade of whiskey.  This is

sufficient to show that intoxicating liquor was kept in the premises.

2. The second point is that the Supreme Court commissioner did not find that the premises were kept and maintained for the storage and sale of intoxicating liquor. The warrant states that the commissioner has examined under oath and taken the affidavit of Hugo and Kaminsky, and that among other things it appears to him and he finds that liquor was purchased by Kaminsky in the premises and property. This is a sufficient finding in my opinion.

3. The warrant is said to be defective in that it does not run in the name of the State of New Jersey. In this case, the warrant reads, "County of Essex, State of New Jersey, To the Sheriff," &c. I think this is a sufficient requirement that the writ run in the name of the State of New Jersey.

4. It is contended that the warrant has not been executed as is required in that the search was not made forthwith. The warrant in this case was issued on May 18th, 1929, and was returned on May 27th, 1929, the return stating that it was executed on May 25th, 1929. I think this is a sufficient compliance with the word "forthwith." In the case of *State* v. *Baker*, 3 *N. J. Mis. R.* 532, cited by the defendant, it appears that between the issuance of the warrant and the return there were a number of unauthorized acts by the clerk, and that obedience to the statute was essential in order to confer jurisdiction upon the magistrate; in the present case this situation did not exist.

5. It is contended that the execution of the warrant is void because the property searched was not brought before the Supreme Court commissioner or magistrate. In my opinion it is a sufficient compliance with the act that the officers turned the property over to the Supreme Court commissioner or magistrate, who ordered it returned to a proper custodian, and that was what was done in the present case. I do not think it is necessary for the Supreme Court commissioner to keep the liquor indefinitely.

6. It is contended that the execution of the warrant was void because no return was made within ten days as required

by the warrant and by the statute. My records show that the return was made on May 27th, 1929, which was within ten days of May 18th, 1929, the date of the issuance of the warrant.

7. The execution of the warrant is claimed to be void because no receipt was given to the defendant as required by the warrant and by the statute. Testimony was taken before me on this point and from this testimony it appears that the officers executing the warrant delivered to the defendant the original search warrant. Attached thereto is an inventory of all of the liquor taken by the officers with a statement that the same is a list of the property taken from the premises (describing them on the search warrant in question). At the bottom of this statement and list appears the following signature: "Patrolman William F. Bross." The latter testifies that it contains a list of the liquor which he took under the warrant; that it is in his handwriting and that he gave it to the defendant. In my opinion this is a sufficient receipt, and even though it is not stated to be a receipt, it is, nevertheless, a full acknowledgment of the receipt of the liquor. This, in fact, constitutes a receipt and in my opinion it complies with the statute.

For these reasons, I will be obliged to deny the motion to quash the search warrant.